# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

MARK P. STAFFA,
                **Plaintiff,**

    v.                                          **Case No. 09-C-0753**

JUDGE BENJAMIN PROCTOR and
Assistant District Attorney MERI LARSEN,
                **Defendants.**

---

## ORDER

Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. Id. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. Id.

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $2.64. I am satisfied that plaintiff

cannot afford to prepay the full filing fee, and therefore his petition to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In the present case, I find that the complaint must be dismissed for failure to state a claim on which relief may be granted because plaintiff seeks relief that is available only through a petition for writ of habeas corpus. Plaintiff alleges that various errors occurred during his state criminal trial and asks that I vacate his sentence and order his immediate release from prison. However, "[t]he sole avenue open to a prisoner challenging the fact or duration of his confinement, directly or indirectly, is habeas corpus." Savory v. Lyons, 469 F.3d 667, 671 (7th Cir. 2006) (citing Heck v. Humphrey, 512 U.S. 477, 481 (1994) and Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)). Here, plaintiff directly challenges his state conviction and sentence, and therefore he cannot bring an ordinary civil lawsuit under § 1983. Instead, if he wishes to pursue federal remedies, he must file a writ of habeas corpus. Therefore, the present action will be dismissed.

I note that plaintiff is free to file a petition for writ of habeas corpus if he believes he is entitled to habeas relief. However, plaintiff should be aware that he must have exhausted his state remedies before a federal court will entertain his habeas petition and

2

that Congress has placed other procedural restrictions on the availability of habeas relief. See generally 28 U.S.C. §§ 2241-2255.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is GRANTED.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $347.36 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that the complaint and this action are hereby DISMISSED pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim on which relief may be granted.

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that the Clerk of Court enter final judgment.

3

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**FINALLY, IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 23 day of September, 2009.

/s
LYNN ADELMAN
District Judge

4